UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| DUSTIN DUANE WARNKE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 3:22-CV-03024-RAL<br><br><br>OPINION AND ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS AND DENYING PETITIONER'S § 2255 MOTION |

Plaintiff Dustin Duane Warnke filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that the federal prison sentence he is currently serving should be reduced because his criminal history category was erroneously calculated under the Federal Sentencing Guidelines at his underlying sentencing. Doc. 1. The United States has moved to dismiss Warnke's motion. Doc. 6. For the reasons stated below, this Court grants the United States' motion to dismiss and denies Warnke's § 2255 motion.

I.  **Background**

On August 24, 2020, pursuant to a plea agreement with the United States, Warnke plead guilty to one count of conspiracy to distribute a controlled substance in violation of 18 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). CR Docs. 55, 59.[1] On November 17, 2020, the undersigned judge sentenced Warnke to 174-months imprisonment with 5 years of supervised release. CR Doc.

---

[1] Docket entries from Warnke's criminal case (3:19-CR-30150-RAL-1) will be cited as "CR Doc." Docket entries from the present case will be cited as "Doc."

77. Warnke filed a notice of appeal on November 20, 2020, but because Warnke had waived the right to appeal in his plea agreement, the United States Court of Appeals for the Eighth Circuit dismissed Warnke's appeal on March 11, 2021. CR Docs. 55, 81, 97.

On December 19, 2022, Warnke filed a pro se motion to reduce his sentence, CR Doc. 99, which this Court construed as a motion under 28 U.S.C. § 2255, Doc. 1, 6. This Court ordered that the Clerk of Court serve a copy of all pleadings on the United States and directed the United States to file an answer, and if it so chose, a motion to dismiss, within thirty days of service of the pleadings. Doc. 6 at 2. On February 21, 2023, the United States filed a response to Warnke's motion, Doc. 5, a motion to dismiss, Doc. 6, and a memorandum in support of the motion to dismiss, Doc. 7. Warnke has not responded to the motion to dismiss.

## II. Discussion

Warnke seeks relief under to 28 U.S.C. § 2255. Warnke alleges that the United States probation officer who prepared his presentence investigation report prior to sentencing on his underlying criminal offense incorrectly calculated his criminal history category under the Sentencing Guidelines. Doc. 1 at 1. At the time the presentence investigation report was drafted, Warnke had two pending criminal cases in South Dakota state court involving drug possession and robbery charges. Warnke's § 2255 petition alleges these two criminal cases were used to elevate him to criminal history category III under the Sentencing Guidelines. Id. at 2–3. Because those state cases were later dismissed (the drug case on November 20, 2020, Doc. 1-1 at 3, and the robbery case on September 7, 2022, Doc. 1-1 at 4) Warnke says he should not have to serve a sentence that was based in part on a criminal history category that reflected those charges. Id.

Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

When considering a § 2255 motion, a court holds an evidentiary hearing "unless the motion and the files and the records of the case conclusively show that [the prisoner] is entitled to no relief." Holder v. United States, 721 F.3d 979, 993 (8th Cir. 2013) (cleaned up and citation omitted). "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (cleaned up and citation omitted). The Eighth Circuit has stated:

> A § 2255 motion may be dismissed without a hearing if (1) movant's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact.

Winters v. United States, 716 F.3d 1098, 1103 (8th Cir. 2013) (cleaned up and citation omitted). Because the record conclusively demonstrates that Warnke is not entitled to relief, an evidentiary hearing is not necessary in this case. This Court can readily dismiss this case for several reasons.

First and foremost, Warnke's argument on the merits in his § 2255 motion is premised on a plainly incorrect recollection of his sentencing proceedings. The two dismissed state cases Warnke cites were *not* part of his criminal history category calculation and were never assigned criminal history points. Rather, Warnke was assigned one point each for state convictions related to driving under the influence and receiving stolen property and two points for committing his federal offense while being on unsupervised probation; the four total points from these offenses placed Warnke in criminal history category III. The record affirmatively refutes the factual assertions upon which Warnke's § 2255 petition is based.

Second, the United States Court of Appeals for the Eighth Circuit has "consistently held 'that ordinary questions of guideline interpretation falling short of the "miscarriage of justice" standard do not present a proper section 2255 claim.'" Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011) (quoting Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995)). Warnke's arguments are based on "garden-variety Sentencing Guideline application issues" that are not typically cognizable on a § 2255 motion. Auman, 67 F.3d at 161. And even if Warnke's arguments were factually supported, he has failed to show that his criminal history calculation resulted in a miscarriage of justice, especially considering he faced at least a 120-month sentence under the statutorily required minimum.

Finally, Warnke's § 2255 motion is untimely. "[A] federal prisoner may timely file a § 2255 motion within one year of 'the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.'" Odie v. United States, 42 F.4th 940, 945 (8th Cir. 2022) (quoting 28 U.S.C. § 2255(f)(4)). Even if § 2255 were the proper procedural vehicle for Warnke to raise issues with his criminal history category calculation, which it is not, and even if the two state charges he cites were erroneously included in that calculation, which they were not, Warnke was sentenced, appealed, and had his appeal dismissed by the Eighth Circuit well over one year before he filed his motion, and he had notice of his criminal history calculation by his sentencing hearing in November 2020 at the absolute latest.

### III. Conclusion

For the above reasons, it is

ORDERED that the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Doc. 6, is granted. It is finally

ORDERED that Warnke's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, Doc. 1, is denied.

DATED this 17th day of July, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE